IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| KRIS CHILDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-cv-00017 |
| | § | |
| EXPRESS PARCEL SERVICE, LLC | § | |
| and RUSTY FUQUA, | § | |
| | § | JURY DEMANDED |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. Plaintiff Kris Childs, a former employee of Defendant Express Parcel Service, LLC, and Defendant Rusty Fuqua, brings this action for overtime compensation and other relief under the Fair Labor Standards Act ("the Act"), as amended, through 29 U.S.C. §2l6(b).

### II. PARTIES

2. Plaintiff Kris Childs is an individual Texas resident who resides in Lubbock County.

3. Defendant Express Parcel Service, LLC ("Express Parcel") is a domestic limited liability company, headquartered in Abilene, Texas, which can be served with citation by serving its registered agent, Rusty Fuqua, at 617 Ambler Avenue, Abilene, Texas 79601-1965.

4. Defendant Rusty Fuqua is an individual resident of Jones County, Texas. He can be served at his place of business at 617 Ambler Avenue, Abilene, Texas 79601-1965.

## III. JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).

6.      At all times pertinent to this Complaint, Defendant Express Parcel was a covered entity under the FLSA and Defendant Express Parcel was an "employer" to Childs, as defined by the FLSA.

7.      Venue is proper in this district under 28 U.S.C. § 1391, as all or a substantial portion of events giving rise to the claim occurred within the federal Northern District of Texas.

8.      At all times relevant to this complaint, Fuqua was an "employer" as to Childs, as defined by the FLSA.

9.      In calendar year 2016, Express Parcel's annual dollar volume of sales or receipts totaled $500,000 or more.

10.     In calendar year 2017, Express Parcel's annual dollar volume of sales or receipts totaled $500,000 or more.

## IV. STATEMENT OF FACTS

11.     Childs worked as a package delivery driver for Express Parcel.

12.     Childs worked for Express Parcel from on or about November 28, 2016 through on or about January 9, 2018.

13.     Childs worked at least 57 complete workweeks for Express Parcel.

14.     Childs delivered packages in the Abilene and Lubbock areas.

15.     Childs did not engage in interstate travel or perform interstate deliveries in the course of his work for Express Parcel.

16. Childs drove a delivery vehicle with an empty weight of over 10,000 pounds for his work with Express Parcel.

17. In performing his package delivery duties for Express Parcel, Childs's work was not subject to the oversight of the United States Department of Transportation.

18. Express Parcel paid Childs a gross amount of $850 per week.

19. Childs regularly worked more than 40 hours in each complete workweek for Express Parcel.

20. Express Parcel did not pay Childs a time-and-a-half wage for hours over 40 that he worked in each workweek for Express Parcel.

21. Childs was entitled to time-and-one-half his regular wage rate for each hour over 40 that he worked in every workweek for Express Parcel.

22. Fuqua is the owner of Express Parcel.

23. Fuqua directed Childs's work for Express Parcel.

24. Fuqua maintained employment records on Childs with Express Parcel.

25. Fuqua made hiring and firing decisions with respect to Childs at Express Parcel.

26. Fuqua determined the amount and manner of Childs's compensation with Express Parcel.

## V. COUNT ONE - VIOLATION OF FAIR LABOR STANDARDS ACT

27. The acts of Defendants described in the preceding paragraphs violate the Fair Labor Standards Act of 1938, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

28. The violations committed by Defendants were committed willfully within the meaning of the Fair Labor Standards Act.

## VI. DAMAGES

29. As a result of Defendants' unlawful conduct, Childs is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

30. Section 216(b) of the Fair Labor Standards Act provides that any employer who violates the FLSA shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Childs seeks an award of liquidated damages in an amount equal to the amount of unpaid overtime pay.

31. Childs also seeks compensation of the out-of-pocket expenses and costs of court he has incurred and will incur in this action. Childs is also entitled to attorney's fees under 29 U.S.C. § 216(b).

## VII.  JURY DEMANDED

32. Childs hereby makes demand for a jury for all issues triable to jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Childs requests that this Court enter an order:

1. Declaring that Defendants violated the Fair Labor Standards Act;

2. Declaring that Defendants' violations of the FLSA were willful;

3. Granting judgment to Plaintiff for his claims of unpaid wages as secured by the Fair Labor Standards Act, as well as liquidated damages;

4. Awarding Plaintiff his costs, including expert witness fees, and reasonable attorney's fees;

5. Awarding Plaintiff pre- and post-judgment interest at the highest rates allowed; and

6. Granting such further relief as the Court finds just.

*Civil Action No. 1:18-cv-00017; Original Complaint and Jury Demand; Childs v. Express Parcel Services, LLC et al.*     4

Respectfully submitted,

*Kerry O'Brien*

**Kerry V. O'Brien**
Texas Bar No. 24038469
Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFF KRIS CHILDS**